IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LORA D. HAMMAN                                                                                    PLAINTIFF

v.                                           No. 1:15CV00011-JLH-JJV

CAROLYN W. COLVIN,
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was sent to U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

Lora Hamman seeks judicial review of the denial of her application for disability insurance benefits.[3] In the past, Ms. Hamman worked as a registered nurse,[4] but she left her nursing job because of domestic and job stress.[5] She then worked as a part-time substitute mail carrier until her employer's contract expired.[6] She claims she has been disabled since she stopped working. She bases disability on fibromyalgia, irritable bowel syndrome, gastritis, depression, anxiety, a fast heart rate, and thyroid nodules.[7]

**The Commissioner's decision**. After considering the application, the Administrative Law Judge (ALJ ) identified "severe" impairments in the form of major depressive disorder, generalized anxiety disorder, somatoform disorder, personality disorder, history of fibromyalgia, and possible small fiber neuropathy.[8] The ALJ determined she maintained the residual functional capacity to perform a reduced range of sedentary work despite her impairments.[9] The ALJ assessed that Ms. Hamman can no

---

[3]SSA record at p. 132 (applying on Mar. 28, 2012 and alleging disability beginning Aug. 31, 2008).

[4]*Id*. at pp. 165 & 194.

[5]*Id*. at p. 40 (testifying that she stopped nursing due to emotional stress from her home life and a lot of stress from the job place).

[6]*Id*. at pp. 40 & 205.

[7]*Id*. at p. 151.

[8]*Id*. at p. 16.

[9]*Id*. at p. 18.

longer work as a registered nurse,[10] but using the services of a vocational expert, identified jobs she can perform despite her impairments.[11] The ALJ therefore concluded Ms. Hamman is not disabled and denied the application.[12]

After the Appeals Council denied review,[13] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[14] Ms. Hamman filed this case to challenge the decision.[15]

**Ms. Hamman's arguments for reversal**. Ms. Hamman challenges the evaluation of her credibility, and says the ALJ improperly rejected her treating-physician's opinions. She also argues that substantial evidence does not support the ALJ's decision.[16]

**Applicable legal principles**. When reviewing a decision denying an application for disability insurance benefits, the court must determine whether substantial evidence

---

[10]*Id*. at p. 23.

[11]*Id*. at p. 24.

[12]*Id*. at p. 25.

[13]*Id*. at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]Docket entry #s 11 & 17.

supports the decision and whether the ALJ made a legal error.[17] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Ms. Hamman can perform a reduced range of sedentary work.[18] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[19]

The ALJ placed many limitations on sedentary work:

(1) occasional pushing, pulling, bending, stooping, crouching, squatting, kneeling, crawling, and stair climbing;

(2) no heights, hazardous unprotected moving equipment, temperature extremes, humidity, dust, fumes, poor ventilation, extreme noise or vibration;

(3) no high stress jobs such as fast paced jobs or jobs requiring the worker to meet strict and explicit quotas, deadlines, or schedules, and no jobs requiring the worker to cope with frequent or unusual changes in the work setting;

(4) no jobs requiring sustained high level concentration such as sustained attention to detail; and

(5) work involving no personal interaction with the public or close interaction

---

[17]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[18]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[19]20 C.F.R. § 404.1567(a).

with coworkers, and requiring incidental contact with supervisors. The question before the Court is whether a reasonable mind will accept the evidence as adequate to show Ms. Hamman can work within these parameters. After careful review of the entire record, a reasonable mind will accept the evidence as adequate for the following reasons:

**1. The medical evidence supports a finding Ms. Hamman is capable of performing sedentary work**. A claimant must prove disability with medical evidence; subjective complaints are not enough to prove disability.[20] Much of Plaintiff's medical evidence only documents her subjective complaints. And Ms. Hamman claims she has been disabled since August 2008, but she sought little medical treatment until December 2010. At that time, she complained about numerous symptoms flowing from domestic

---

[20] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

stress.[21]  Later, she saw many specialists[22] and other medical providers, and underwent numerous diagnostic tests, but with negative medical findings.[23] More importantly, doctors recommended activity exceeding sedentary work,[24] and associated complaints of physical symptoms to psychological factors.[25]

---

[21]SSA record at p. 257 (complaining during Dec. 14, 2010 well woman exam about "a list of multiple complaints including fatigue, long standing episodes of depression"), p. 260 (complaining on Jan. 7, 2011 about being tired all the time, not sleeping at night, severe mood swings prior to menstruation, and multiple family stressors); p. 263 (reporting palpitations and reflux on Mar. 7, 2011), p. 265 (complaining on Mar. 14, 2011 about nausea and gastrointestinal symptoms associated with stress and anxiety) & p. 267 (reporting worsening abdominal pain and body aches on Mar. 25, 2011).

[22]*Id*. at p. 274 (gastroenterologist), p. 439 (cardiologist), p. 459 (neurologist), p. 466 (pulmonologist), p. 483 (another gastroenterologist), p. 605 (second neurologist), p. 615 (third neurologist) & p. 651 (rheumatologist).

[23]*Id*. at p. 309 (negative Holter monitor report), p. 312 (negative ultrasound of abdomen), p. 270 (EKG with no acute findings), p. 327 (normal hepatobiliary scan, no sign of bile leak or obstruction), p. 336 (normal endoscopic gastroduodenoscopy), p. 442 (Holter showed no sign of structural or ischemic heart disease, normal myoview and echo), p. 280 (negative CT scan of abdomen), p. 278 (esophagogastroduodenoscopy showing non-erosive gastritis), p. 377 (neg CT of chest) & p. 484 (normal gastric emptying study, normal biopsy of small bowel is normal, no evidence of H pylori).

[24]*Id*. at p. 603 ("I strongly encouraged her to participate in low impact exercise such as brisk walking, swimming or bicycle riding.") & p. 620 ("Instructed to participate in physical activity on a regular basis to maintain overall health.").

[25]*Id*. at pp. 459-62 (Apr. 24, 2012: neurology consult for shortness of breath, normal neurological examination suggesting no focal injury or problem, her symptoms simulate more of a depressive illness, recommend psychotherapy), pp. 483-84 (May 21, 2012: gastroenterology consult for abdominal pain, constipation, nausea, vomiting and abdominal bloating, her symptoms are likely somatic manifestations of underlying psychiatric problems, it is possible gastrointestinal symptoms will improve with resolution of depression, recommend psychiatrist to manage mental illness), pp. 602-03 (Feb. 14, 2013: another neurology consult, she brought two hand-written pages of symptoms, diagnostic

**2. The ALJ properly discounted the treating-physician medical statements**. Ms. Hamman presented two medical statements to prove she is disabled: one from a chiropractic neurologist[26] and another from a neurologist who focuses on autoimmune and inflammatory disorders of the central and peripheral nervous system.[27] Both statements reported disabling physical limitations. The ALJ gave the statements little weight. Ms. Hamman claims that the ALJ should have given the statements controlling weight, or at least contacted the authors for more information.

The Commissioner's rules instruct the ALJ to give a treating-physician's medical opinion controlling weight if it "is well-supported and not inconsistent with the other substantial evidence in the case record."[28] The ALJ must seek clarifying statements from a treating physician if a crucial issue is undeveloped.[29] Treating-physician opinions are entitled to special weight, but they do not automatically control because the record must

---

testing was negative, doctor explained that a percentage of her symptoms can be attributed to small fiber neuropathy, but mood and anxiety are also playing a role, doctor explained that life hardening is a proven strategy for improving functioning and conditioning) & pp. 701-04 (Aug. 19, 2013: second visit with new family practice doctor, she is not willing to try recommended medication, she is not willing to go to counseling and remains fixated on previous surgery as source of health problems, cognitive behavioral therapy would be helpful).

[26]*Id*. at pp. 690-91.

[27]*Id*. at pp. 559-61.

[28]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions*.

[29]*Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

be evaluated as a whole.[30]

The record as a whole shows no disabling physical symptoms. Ms. Hamman has seen many medical providers since December 2010, but no medical provider documented medical findings substantiating numerous physical complaints. The record addresses all crucial issues. So the ALJ properly discounted the medical statements as unsupported.

**3. Substantial evidence supports the ALJ's credibility evaluation.** The ALJ observed, "The medical evidence of record is inconsistent with the claimant's complaints of severe pain throughout her body, numbness, shortness of breath, exhaustion, rapid heartbeat, stomach pain with nausea and dizziness requiring her to lie down during the day for hours, and to spend much of her day in the bathroom." [31] The ALJ could properly discount her credibility given the disparity between Ms. Hamman's allegations and the medical evidence. In addition, Ms. Hamman suggested other motivation for seeking disability insurance benefits.[32] Therefore, the ALJ did not err in evaluating Ms. Hamman's credibility.

## Conclusion

A reasonable mind will accept the evidence as adequate to support the

---

[30]*Bentley v. Shalala*, 52 F.3d 784, 785-86 (8th Cir. 1995).

[31]SSA record at p. 22.

[32]*Id*. at p. 677 (very angry at husband, wants to get him into trouble, really wants to leave husband), p. 676 (she really wants to get away from husband), p. 533 (she wants to leave husband)& p. 658 (she needs disability benefits to have money to leave husband).

determination that Ms. Hamman is capable of performing a reduced range of sedentary work. The ALJ made no reversible legal error. For these reasons, I recommend AFFIRMING the Commissioner's decision and DISMISSING Plaintiff's Complaint (docket entry # 2) with prejudice.

    Dated this 10th day of November, 2015.

                                                        _____
                                                        JOE J. VOLPE
                                                        UNITED STATES MAGISTRATE JUDGE